IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WASHINGTON MCCASKILL, } | | |
| NO.28453-034, } | | |
| Plaintiff, } | | |
| v. } | | CIVIL ACTION NO. H-08-2247 |
| } | | |
| A. HAYNES, *et al*., } | | |
| Defendants. } | | |

OPINION ON DISMISSAL

Plaintiff Washington McCaskill is a federal inmate, proceeding *pro se* and *in forma pauperis*. Pending is plaintiff's "Application for Writ of Mandamus and Preliminary Injunctive Relief." (Docket Entry No.1). For the reasons to follow, the Court will deny plaintiff relief and dismiss this action.

CLAIMS

Plaintiff was sentenced to thirty months confinement in federal prison and three years of supervised release on October 29, 2003, upon a plea of guilty to the charged offenses of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2. *United States v. McCaskill*, Civil Action No.03-126 (E.D. La. July 30, 2008). Petitioner began his supervised release on August 5, 2005; he was re-arrested on June 10, 2006, and sent back to prison for twenty-four months. *Id.*

Plaintiff's records show that while incarcerated in the Federal Detention Center in Houston, Texas, he was placed in administrative detention on September 23, 2007, pending an investigation of a disciplinary charge of insolence. (Docket Entry No.11-2, page 9). Plaintiff reports that he was also restrained in segregation from April 28, 2008 until June 3, 2008. (Docket Entry No.11). During this time, he was disciplined for various institutional violations, including the following: assaulting another inmate on March 6, 2008 (Docket Entry No.11-2,

1

page 5); fighting with another person on April 28, 2008 (Docket Entries No.11-2, page 6; No.11-3, pages 10-12); and, tampering with or blocking any locking device, conduct which disrupts, and refusing an order on June 3, 2008. (Docket Entry No.11-2, page 7). Plaintiff reports that he was released from segregation on June 3, 2008, and returned the same day, where he remained until August 8, 2008. (Docket Entry No.11, page 2). During this time, plaintiff was also found guilty of assaulting any person (minor assault); destroying the property of another on July 3, 2008. (Docket Entry No.11-2, page 8).

On July 16, 2008, plaintiff filed a petition for writ of mandamus, requesting the Court to order defendants Warden A. Haynes, Case Manager Leal, and Correctional Counselor Pena to provide full and unobstructed access to services under 28 CFR 542 and Bureau of Prisons Program Statement 1330.13, which concern administrative remedy program forms and services. (Docket Entry No.1, pages 3-4). He also seeks an injunction barring future retaliation or any adverse action for use of the administrative remedy program. (*Id.*, page 4).

On August 22, 2008, petitioner informed the Court that he was no longer incarcerated at the Federal Detention Center in Houston and that he had been transferred to the Joe Corley Detention Center in Conroe, Texas. (Docket Entry No.4).

DISCUSSION

Plaintiff fails to show his entitlement to injunctive relief. Plaintiff's release from the Federal Detention Center in Houston renders his claims for injunctive relief moot, unless he can show either a demonstrated probability or a reasonable expectation that he will be transferred back to the facility. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)); *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) (noting that "[j]urisdiction over a plaintiff's claims for future relief is appropriate only

if a reasonable likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions"); *Herman v Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that an inmate's transfer from a detention center to a state correctional institution mooted his Eighth Amendment claims for declaratory and injunctive relief because any suggestion of a transfer back to the detention center was too speculative to warrant relief).  Plaintiff has neither alleged nor demonstrated that there is a reasonable likelihood that he will be transferred back to the Federal Detention Center in Houston.  Therefore, plaintiff's claim for injunctive relief will be dismissed as moot.

Plaintiff also fails to show that he is entitled to a writ of mandamus.  A writ of mandamus is used to compel an officer of the United States or any agency thereof to perform a duty owed to the petitioner.  28 U.S.C. § 1361.  For a petitioner to be successful in his request for a writ of mandamus he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In Re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (citing *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985) (citations omitted)).  "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976).

This Court finds that plaintiff does not meet the requirements for this Court to issue a writ of mandamus.  Plaintiff has other adequate remedies available to him.  In the event plaintiff is unable to exercise his constitutional rights as he claims in his pleadings and he is prejudiced in his filing of administrative remedies, he may file a separate civil action asserting same.  Finally, "it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Id*. at 403.  Consequently, the Court fails to find the drastic remedy of mandamus necessary to plaintiff's circumstance.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's "Application for Writ of Mandamus and Preliminary Injunctive Relief" is DENIED.

2. The pending action is DISMISSED WITH PREJUDICE.

3. All pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 14th day of January, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE